# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*
_____

*(617) 227-3700*
_____

*FAX (617) 338-9538*
_____

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL*
_____
*owlmcb@att.net*
*owlmgw@att.net*

July 1, 2024

Maria R. Hamilton, Clerk
United States Court of Appeals
    for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

    Re:    *United States v. O'Donovan*, No. 24-1200
           Citation of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Ms. Hamilton:

    The Supreme Court's recent decision in *Snyder v. United States*, ___ U.S.___, 2024 WL 3165518 (U.S. June 26, 2024), provides powerful support for O'Donovan's argument in Section V of his opening brief that 18 U.S.C. §666 requires an intent to influence *an official act*. In holding that §666 does not encompass gratuities, the Court reasoned that "the text of §666 . . . now closely resembles the bribery provision [of] §201(b)," *id.* at *5, such that §666 "shares the defining characteristics of §201(b)'s bribery provision: the corrupt state of mind *and the intent to be influenced in the official act.*" (emphasis added). *Id.* at *7. The logical extension of the Court's equation of §666 and §201(b) is that §666 imports the same "official act" requirement as does §201(b), and the remainder of the Court's opinion bears out that conclusion.

    In addressing what conduct §666 does and does not encompass, the Court defined the §666 offense in terms of intent to influence an official act, including an "official act" element no less than 22 times in its discussion of the scope of §666.

*E.g., id.* at \*3 (§666 "makes it a crime for state and local officials to 'corruptly' solicit, accept, or agree to accept 'anything of value from any person, intending to be influenced or rewarded' *for an official act*"); *id.* (§666 "prohibits state and local officials from accepting bribes that are promised or given *before the official act*"); *id.* (bribes are payments made or agreed to *before an official act* in order to influence the official *with respect to that future official act*"); *id.* ("unlike gratuities, bribes can corrupt *the official act.*"); *id.* ("gratuities *after the official act* are not the same as bribes *before the official act.*"). *id.* at \*11 ("A state or local official can violate §666 when he accepts an up-front payment *for a future official act* or agrees to a future reward *for a future official act.*").[1]

This Court should follow the lead of *Snyder* and hold that §666 requires an intent to influence an official act.

Respectfully submitted,

**/s/ Martin G, Weinberg**
Martin G. Weinberg

**/s/ Kimberly Homan**
Kimberly Homan

# CERTIFICATE OF SERVICE

I, Kimberly Homan, hereby certify that on this 1st day of July 2024, this Citation of Supplemental Authority was filed with the Court through its CM/ECF system, thus effectuating service on all parties to this appeal.

**/s/ Kimberly Homan**
Kimberly Homan

---

[1] All emphases added.