

U.S. Department of Justice

Criminal Division

*Appellate Section*                                      *Washington, D.C. 20530*

July 2, 2024

The Honorable Maria R. Hamilton
Clerk of Court
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

    Re:    Rule 28(j) response in *United States v. O'Donovan*, No. 24-1200

Dear Ms. Hamilton:

    The Supreme Court's decision in *Snyder v. United States*, No. 23-108 (Jun. 26, 2024), does not support O'Donovan's invitation to incorporate into 18 U.S.C. § 666 the official-act element in 18 U.S.C. § 201(b), as interpreted by *McDonnell v. United States*, 579 U.S. 550 (2016).

    *Snyder* addressed the language in Section 666(a)(1)(B) "ma[king] it a crime for most state and local officials to 'corruptly' solicit, accept, or agree to accept 'anything of value' 'intending to be influenced or rewarded in connection with' any official business or transaction worth $5,000 or more." 2024 WL 3165518, at *5. The Court held that the provision does not prohibit a state or local official's "acceptan[ce of] *gratuities* … that may be given as a token of appreciation after the official act." *Id*. at *3.

    In so holding, the Court noted that "Section 666 shares the defining characteristics of § 201(b)'s bribery provision: the corrupt state of mind and the intent to be influenced in the official act." *Id*. at *7. That observation confirmed only that Section 666 fits the mold of a bribery statute. It does not further show that the Court intended Section 666's official business-or-transaction clause to be interpreted identically to Section's 201(b)'s official-act element.

    Context is also critical. The question in *Snyder* did not implicate the sweep of Section 666's business-or-transaction clause. The parties' briefs and the Court's decision also made cursory mention of the clause. This Court should

thus reject O'Donovan's claim that *Snyder* provides guidance on the clause's construction.

    O'Donovan further notes that *Snyder* repeatedly used the generic "official act" term in its analysis. Again, that usage does not signal the Court's intent to incorporate Section 201(b)'s official-act element, as construed in *McDonnell*, into Section 666. It shows only that the Court used "official act" as quick shorthand for Section 666(a)(1)(B)'s language.

    Finally, O'Donovan's parsing of *Snyder* contradicts *Salinas v. United States*, 522 U.S. 52, 56-57 (1997), where the Supreme Court characterized Section 666's "'any' … business or transaction clause" as "expansive" and "unqualified." No ground exists to conclude that *Snyder* silently overruled this passage from *Salinas*.

    Sincerely,

    /s/ David M. Lieberman
    David M. Lieberman
    Appellate Section
    Criminal Division
    U.S. Department of Justice
    950 Pennsylvania Ave., NW Room 1264
    Washington, DC 20530
    (202) 262-6805

## CERTIFICATE OF SERVICE

I certify that, on July 2, 2024, I served an electronic copy of this letter on all counsel of record via the Court's ECF system.

/s/ David M. Lieberman

## CERTIFICATE OF COMPLIANCE

This letter complies with the limitation of Fed. R. App. P. 28(j) because it contains 348 words.

/s/ David M. Lieberman