# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*
_____

*(617) 227-3700*
_____

*FAX (617) 338-9538*
_____

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL*
_____
*owlmcb@att.net*
*owlmgw@att.net*

July 2, 2024

Maria R. Hamilton, Clerk
United States Court of Appeals
    for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

Re:   *United States v. O'Donovan*, No. 24-1200
       Response to Citation of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Ms. Hamilton:

     Contrary to the government's contentions, *Moody v. NetChoice, LLC*, 2024 WL 3237685 (U.S. July 1, 2024), has nothing to do with the issue in this case: whether the government proved beyond a reasonable doubt that the two iMessages charged in the wire fraud counts crossed state lines. The Supreme Court's cursory definition of "the internet" in a wholly unrelated context provides no answer to this question and cannot substitute for competent proof before the jury that decided this case. There was, moreover, no evidence before the jury that the internet "is an international network of interconnected computers," *id.* at *4, or that Apple iMessages travel via the internet in the same manner as the communications at issue in *NetChoice* (or in *Lewis* and *Carroll*).

     Under the government's reasoning, the government's simply having a witness intone that a communication traveled via the internet would automatically, without more, satisfy the interstate commerce element of §1343. Such a conclusion, however, ignores the conscious choices made by Congress in defining

the interstate commerce element of various federal criminal statutes and in requiring in §1343 that the communication be *in* interstate commerce rather than being made via a facility or instrumentality of interstate commerce. *See* Reply Brief of Defendant-Appellant Sean O'Donovan at 3-4.

O'Donovan has already explained why *Lewis* and *Carroll* are not controlling here, *see* Brief of Appellant Sean O'Donovan at 19-22; Reply Brief at 4-6, and nothing in *NetChoice* undermines those arguments.

The government failed to prove the interstate commerce element of §1343, and O'Donovan's wire fraud convictions should be reversed.

Respectfully submitted,

**/s/ Martin G, Weinberg**
Martin G. Weinberg

**/s/ Kimberly Homan**
Kimberly Homan

## CERTIFICATE OF SERVICE

I, Kimberly Homan, hereby certify that on this 2nd day of July 2024, this Response to Citation of Supplemental Authority was filed with the Court through its CM/ECF system, thus effectuating service on all parties to this appeal.

**/s/ Kimberly Homan**
Kimberly Homan

## CERTIFICATE OF COMPLIANCE

This letter complies with the word limitation of Fed. R. App. P 28(j) because it contains 258 words.

**/s/ Kimberly Homan**
Kimberly Homan