# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*
———————
*(617) 227-3700*
———————
*FAX (617) 338-9538*
———————
*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL*
———————
*owlmcb@att.net*
*owlmgw@att.net*

September 13, 2024

Maria R. Hamilton, Clerk
United States Court of Appeals
   for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

     Re:   *United States v. O'Donovan*, No. 24-1200
            Response to Citation of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Ms. Hamilton:

     *United States v. Shen Zhen New World I*, 2024 WL 4140629 (September 11, 2024), does not support the government's argument for several reasons. First, O'Donovan only argued the insufficiency of the evidence of bribery as to Count 1, *see* Brief at 29-35; Reply Brief at 9-14, and the evidence on that count would be insufficient even under the reasoning of *Shen Zhen*, as O'Donovan had neither, as of April 26, "corruptly give[n], offer[ed] or promise[d] anything of value to [the Chief]" "with intent . . . to influence any official act," nor had he "expresse[d] an ability and a desire to pay the bribe." *Id.* at *6. *See also* Doc. 00118186695 (Response to Rule 28(j) letter, dated September 6, 2024).

     Second, O'Donovan did not request that the jury be instructed that it was required to find that an agreement existed between himself and the Chief; instead, he requested that the jury be instructed that it had to find that he *believed* that he had reached an agreement with the Chief. *See* Brief at 72-74. Such an instruction cannot be rejected as improper, as the indictment itself identified the crime charged as

O'Donovan's believing that he had "reached a corrupt agreement with . . . the Chief." App. 28, 30.

Third, *Shen Zhen* is inconsistent with case law in this circuit requiring that the government prove "that an agreement for a quid pro quo existed." *United States v. McDonough*, 727 F.3d 143, 152 (1st Cir. 2013). *See United States v. Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013)(describing the quid pro quo as "the agreement to exchange [a thing of value] for official action").[1] Because the indictment charged that O'Donovan believed that he had an agreement with the Chief, this Court need not consider whether *Shen Zhen* prescribes the correct analysis where the alleged offeror of the bribe is concerned.

Respectfully submitted,

**/s/ Martin G, Weinberg**
Martin G. Weinberg

**/s/ Kimberly Homan**
Kimberly Homan

## CERTIFICATE OF SERVICE

I, Kimberly Homan, hereby certify that on this 13th day of September 2024, this Response to Citation of Supplemental Authority was filed with the Court through its CM/ECF system, thus effectuating service on all parties to this appeal.

**/s/ Kimberly Homan**
Kimberly Homan

## CERTIFICATE OF COMPLIANCE

This letter complies with the word limitation of Fed. R. App. P 28(j) because it contains 340 words.

**/s/ Kimberly Homan**
Kimberly Homan

---

[1] Unlike *Shen Zhen*, 2024 WL 4140629 at *6, neither *McDonough* nor *Fernandez* suggested that the agreement requirement differed depending upon whether the defendant was the public official or the alleged bribe-offeror.